**Peter McLELLAN, Plaintiff,**

v.

**AMERICAN EUROCOPTER, INC., Defendant.**

**No. CIV.A. G–97–596.**

United States District Court, S.D. Texas, Galveston Division.

Nov. 19, 1998.

Ronald L. White, Brown Sims Wise & White, Houston, TX, for Ron White, mediators.

Michael David Sydow, Verner Liipfert Bernhard McPherson & Hand, Chtd., Houston, TX, for Peter McLennan, plaintiffs.

Michael Vance Powell, Locke Purnell Rain Harrell, Dallas, TX, Stephen C. Johnson, Lillick & Charles, Brian C. Dalrymple, Lillick & Charles, Michael Rodenbaugh, Lillick & Charles, San Francisco, CA, for American Eurocopter Corporation, Inc., defendants.

## ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND CERTIFICATION OF INTERLOCUTORY APPEAL

KENT, District Judge.

In this action, Plaintiff Peter McLennan alleges negligence and gross negligence against Defendant American Eurocopter Corporation ("AEC") for injuries sustained by McLennan when the helicopter he was piloting crashed. Now before the Court is Defendant AEC's Motion for Reconsideration of Order Denying Its Motion to Dismiss for Forum Non Conveniens, or Alternatively to Dismiss Due to Improper Venue. Also before the Court is Defendant's Conditional Motion to Certify Order for Interlocutory Appeal to be considered by the Court in the event that the Court adheres to its original decision on the forum non conveniens issue. For the following reasons, Defendant's Motions are **DENIED**.

### I. FACTS

On or about October 19, 1995, Peter McLellan was piloting an AS350B helicopter near Canmore Alberta, Canada. The helicopter was engaged in "slinging" operations which require the helicopter to carry heavy objects externally at low altitudes for short distances. The objects are carried in a "sling" that is attached to the helicopter. In order to lift heavy external loads without exceeding the helicopter's maximum gross weight, the fuel tank is filled below capacity. As a result, the pilot must rely on the helicopter's fuel gauging system to ensure that the helicopter has enough fuel to complete contemplated tasks.

McLellan alleges that when he began operations on October 19, 1995, the helicopter's fuel gauge indicated that the tank was thirty percent full. This level of fuel would normally provide approximately one hour of flight time. Additionally, McLellan was told that the low level fuel indicator would illuminate

when the fuel tank contained a minimum of 96 liters of fuel (18% of capacity). McLellan alleges that the low level fuel warning light illuminated while he was in flight, thus indicating to him that he had no less than 18% fuel capacity which would allow for 35 minutes of flight time. Shortly thereafter, the engine flamed out and the helicopter crashed causing McLellan to suffer two broken legs, seven fractured ribs, and multiple lacerations. He was not found for seven hours. The Canadian Transportation Safety Board determined that the fuel quantity gauge malfunctioned and/or was seriously inaccurate. Post-crash testing determined that there could have been as little as 50 liters of fuel left (approximately half the amount which should have been left) when the low level fuel tank light illuminated.

The helicopter in which Peter McLellan crashed was designed in France and assembled in Texas by Aerospatiale Helicopter Corporation ("AHC"). In 1980 the helicopter was delivered and sold by AHC to a Canadian company. AHC, headquartered in Texas, subsequently merged with American Eurocopter Corporation ("AEC"), also headquartered in Texas. Service letters and bulletins that indicated problems with the fuel gauging mechanisms were translated and distributed through the AHC/AEC headquarters in Texas during the years the AS350B helicopter was owned and operated by the Canadian company. Product support was also provided out of the Texas headquarters.

## II. ANALYSIS

The doctrine of forum non conveniens allows a court to decline to exercise jurisdiction where it appears that, for the convenience of the parties and in the interests of justice, the action should be tried in another forum. In a forum non conveniens analysis, the court must ultimately determine which forum is most appropriate in order to best serve the convenience of the parties and the interests of justice. *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir.1986). A forum non conveniens determination is committed to the sound discretion of the trial court and may be reversed only for abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

The first step in a forum non conveniens analysis involves determining whether there exists an available and adequate alternative forum. An alternative forum is available when the entire case and all of the parties can come within the jurisdiction of that forum, and is adequate if the parties will be treated fairly and will not be deprived of all remedies. *Syndicate 420*, 796 F.2d at 828–30. If an available and adequate foreign forum exists, the Court must then go on to the second step, and balance a number of private and public factors to determine whether a forum non conveniens dismissal is warranted. In making this determination, the Court should give great deference to the plaintiff's choice of forum. *Id.* at 830.

In its previous Order denying Defendant's Motion for a forum non conveniens dismissal, the Court addressed only the threshold question of whether Plaintiff would have an adequate and alternative forum in Canada. As the Court was not able to answer that question affirmatively, Defendant's Motion was denied. In the hope of dispelling this Court's concerns, Defendant now directs the Courts attention to federal case law supporting its contention that a Canadian court is an adequate, alternative forum. However, while it is not irrelevant that some federal courts have found Canada to be an adequate, alternative forum, it is also not controlling given the fact specific nature of a forum non conveniens inquiry. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 529, 108 S.Ct. 1945, 1953, 100 L.Ed.2d 517 (1988). Defendant also offers affidavits from two Canadian attorneys in support of its argument, and Plaintiff offers affidavits in response which raise the same concerns enumerated in the Court's previous Order. In light of the fact specific nature of a forum non conveniens inquiry and the conflicting testimony from Canadian experts, the Court remains unconvinced that Canada offers an available and adequate forum on the facts of this case.

Additionally, regardless of whether Canada is in fact an adequate, alternative forum for this case, Defendant has failed to demonstrate that the second step of the forum non conveniens inquiry—whether the public and private factors point toward dismissal—should be resolved in its favor. Defendant raises no argument directed to this particular inquiry, but instead argues only that Canada is an adequate, alternative forum. Defendant neglects its burden of persuading the Court that public and private factors weigh in favor of trying the case in Canada. Defendant bears this burden even where the plaintiff is foreign because, although a foreign plaintiff's choice of forum is entitled to less deference than that of a resident plaintiff, it is not entitled to no deference. *See, e.g., Sangeorzan v. Yangming Marine Transp. Corp.*, 951 F.Supp. 650, 657 (S.D.Tex.1997). Despite Defendant's failure to adequately brief the issue, the Court recognizes the significant overlap of factors relevant to the first and second steps of a forum non conveniens inquiry and thus the Court will address the second step.

The private factors to be considered in a forum non conveniens analysis relate to the convenience of the parties and include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). As Plaintiff points out, this case touches three nations and thus key witnesses will be located in Texas, Canada, and France. However, key documents and witnesses required by Plaintiff to establish Defendant's liability are located in Texas. Specifically, witnesses and documents regarding assembly of the helicopter—particularly the selection and installation of the fuel quantity indicator system—are located in Texas. The helicopter at issue was marketed for use in slinging operations from Texas, thus witnesses and documents regarding the marketing and use of AEC helicopters in slinging operations are located in Texas. Also, during a critical time period when there were concerns about the accuracy and reliability of the fuel quantity indicator system installed in the AS350 helicopters, AEC provided product support and documentation including service letters and bulletins to all operators in North America. Plaintiff has identified several specific service letters and bulletins necessary to the case which are located in Texas. Furthermore, pre-trial discovery in *Blome v. American Eurocopter*, Cause No. 95-6-082, heard in this Court, and *Gould v. American Eurocopter*, Cause No. 96-41355, heard in the 125th Judicial District Court of Harris County, showed that the head of product safety for AEC, who has knowledge concerning the proper and safe way to conduct flight operations in the AS350 helicopters, is located in Texas. Other persons knowledgeable about product support, including the English editions of aircraft flight manuals and advisory circulars and service bulletins, are also located in Texas. Finally, persons who actually designed the fuel gauging system reside in Texas or France, making Texas no less convenient than Canada.

The Court is mindful of the fact that some important witnesses are located in Canada including the accident investigator, Plaintiff's treating physician, and the owner of the helicopter. However, based on the evidence outlined above which is located in either Texas or France, and given that AEC is headquartered in Texas, the Court is not convinced that a trial in Canada would be more convenient for either party. At best, trial in Canada would merely shift any inconvenience from Defendant to Plaintiff. The doctrine of forum non conveniens should not be invoked for this purpose. Furthermore, Defendant may cut costs by transporting its witnesses to Galveston on AEC helicopters, assuming it is confident that its helicopters won't crash.

AEC has also failed to carry its burden of proof and establish that the public interest factors weigh heavily in favor of dismissal. The public factors relevant to a forum non conveniens determination relate to the forum's interests and include the administrative difficulties caused by crowded dock-

ets, the burden of imposing jury duty on citizens of a forum with no relation to the dispute, the local interest in having localized controversies decided in that locality, and the appropriateness of deciding diversity cases in the forum whose law provides the substantive rules of decision. *Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467, 1484 (S.D.Tex.1992), aff'd, 990 F.2d 1489 (5th Cir. 1993), cert. denied, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994); *see also Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843. The helicopter at issue was re-assembled and sold to a Canadian company by Aerospatiale Helicopter Corporation, a Texas corporation which later merged with AEC. Thus, because a Texas corporation was the seller of the helicopter and the allegedly defective fuel gauge, the people of Texas have a genuine and legitimate interest in the resolution of these issues. AEC has not submitted any substantial evidence that the Canadian government has any interest in policing AEC's allegedly defective marketing and/or design of its helicopters. Furthermore, the Court rejects AEC's implication that this Court's heavy caseload weighs in favor of dismissal. Despite the fact that this Court has one of the largest dockets in the nation, the Court is current on all docket obligations and last year closed over 800 cases, more than two times the national average. Accordingly, this case would not impose a burden on the Court, nor would it interfere with the rights of local litigants to try their cases here.

■ The Court has exercised its obligation to address and balance the relevant principles and factors of the doctrine of forum non conveniens and has determined that those factors weigh in favor of trying this case in the Southern District of Texas. Defendant's Motion for Reconsideration is therefore **DENIED.** Furthermore, trial in this case is set to begin in less than a month, and Defendant has provided this Court with no compelling reason to burden the Fifth Circuit with an interlocutory appeal from this decision. Defendant's Motion to Certify for Interlocutory Appeal is therefore also **DE-NIED.** For Defendant's benefit, the Court observes that a decision by this Court not to certify its denial of a forum non conveniens motion is within this Court's discretion and is

not appealable. Of course Defendant is free to seek mandamus relief if it deems such action appropriate.

■ The Court finds no merit in Defendant's Motion to Dismiss for Improper Venue. Defendant has extensively marketed its aircraft throughout the state of Texas. AEC leases and operates its helicopters in Harris County and Galveston County. In fact, at the time the instant action was commenced, AEC had a regional marketing manager located in the Southern District of Texas. Furthermore, AEC has previously appeared before this Court in other litigation. Accordingly, AEC's Motion for Dismissal due to Improper Venue is **DENIED.**

## III. CONCLUSION

In sum, the Court finds that the availability and adequacy of a Canadian forum remains questionable and Defendant has not met its burden of proving that the public and private factors favor trial in Canada. AEC is headquartered in Texas and this case has significant public import in Texas, thus the interests of justice warrant trial in this state. Consequently, AEC's Motion to Reconsider is **DENIED.** AEC's Conditional Motion to Certify for Interlocutory Appeal is also **DE-NIED.** All further relief on this issue shall be sought from the United States Court of Appeals for the Fifth Circuit as may be appropriate in due course. The Court admonishes Defendant to finally dispense with all of the sound and the fury in favor of examining the substantive merits of this action and earnestly considering the possibilities for settlement in this case.

**IT IS SO ORDERED.**